THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 4 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 04-cv-2205-RPM-BNB

TEDDI DOMANN,

    Plaintiff,

v.

UNITED STATES OLYMPIC COMMITTEE,

    Defendant.

## STIPULATED PROTECTIVE ORDER

The parties having appeared before the Court by joint motion and having shown good cause for the entry of a protective order, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. "Confidential Information" as used in this Order shall include all documents and information concerning the confidential business, financial or proprietary information of the parties, and information concerning the employment, compensation, or employment history of any of Defendant USOC's current or former employees.

3. The parties shall not use any Confidential Information for any purpose other than the preparation and trial of this case. The parties shall not disclose Confidential Information to anyone except those listed in paragraphs 4(a) through 4(h).

4. Documents designated as containing Confidential Information shall not, without the consent of the party producing it or further order of this Court, be disclosed except that such documents may be disclosed to:

   (a) attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the parties, including the representatives for Defendant USOC;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e) the Court and its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   (g) deponents, witnesses, or potential witnesses; and

   (h) other persons by written agreement of the parties.

5. Prior to disclosing any documents containing Confidential Information to any expert witness or consultant, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective

Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as containing Confidential Information and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the designation of particular information as Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion

3

filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

8. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

9. At the conclusion of this litigation and any appeals associated therewith, all documents containing Confidential Information provided in discovery, including any copies, extracts, or summaries thereof that have been prepared by counsel or experts, and the portions of all transcripts of depositions and testimony that contain specific discussion of Confidential Information, shall be returned to the producing or disclosing party or be destroyed. No copies shall be retained by the receiving party, his, her or its counsel or expert witnesses.

10. Nothing in this Order shall affect Defendant USOC's right to make any legitimate use of its own business records, including personnel records.

11. Nothing in this Order shall restrict the right of any party to move the Court for additional protection for Confidential Information or for the protection of additional categories of documents, materials or information.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 24th day of August, 2005.

BY THE COURT:

Richard P. Matsch, Senior District Judge

APPROVED AS TO FORM:

| | |
|---|---|
| SEARS & SWANSON, P.C. | SHERMAN & HOWARD L.L.C. |
| /s/ Hollie L. Wieland | /s/ Edward J. Butler |
| Hollie L. Wieland, Esq. | Raymond M. Deeny, Esq. |
| 2 North Cascade Avenue, Suite 1250 | Edward J. Butler, Esq. |
| Colorado Springs, CO  80903 | 90 South Cascade, Suite 1500 |
| hollie@searsandswanson.com | Colorado Springs, CO  80903 |
| 719-471-1984 | rdeeny@sah.com; ebutler@sah.com |
| | 719-475-2440 |
| Attorneys for Plaintiff | Attorneys for Defendant |